

ORDERED in the Southern District of Florida on April 13, 2012.

A. Jay Cristol, Judge
United States Bankruptcy Court

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF FLORIDA
Miami Division

CASE NO.   2011-35116-BKC-AJC
Chapter 13

In re:

MILKA Y. ALFARO,

        Debtor.
_____/

**ORDER DENYING DEBTOR'S MOTION FOR TURNOVER OF FILES RELEVANT TO PENDING DISSOLUTION OF MARRIAGE ACTION AND DENYING DEBTOR'S MOTION TO VALUE**

THIS CAUSE came to be heard on March 20, 2012 at 9:00 a.m., upon Debtor's Motion for Turnover of Files Relevant to Pending Dissolution of Marriage Action and upon Debtor's Motion to Value, Determine Secured Status of Lien and Avoid Lien on Personal Property.  The Court having heard argument of counsel, the Debtor's Motion

for Turnover is DENIED and Debtor's Motion to Value is GRANTED in part and DENIED in part as set forth herein.

Movant Laline Concepcion-Veloso, P.A. asserts a valid retaining lien for attorney's fees and costs upon the Debtor's documents and files that came into her possession in the course of her professional representation of the Debtor in the Debtor's divorce action. Laline Concepcion-Veloso, P.A. contends her secured lien is not invalidated by the Debtor's bankruptcy case. The value of the lien is $14,970.83, which is the outstanding amount for services rendered by Laline Concepcion-Veloso, P.A. to the Debtor in connection with the divorce action.

Debtor filed a dissolution of marriage action, *Milka Alfaro v. Ariel Alfaro*, Case No. 2007-28474 FC 26, on October 26, 2007, which is currently pending in the Circuit Court of the Eleventh Judicial Circuit in and for Miami-Dade County, Florida. On September 8, 2011, Debtor, MILKA Y. ALFARO, filed for Chapter 13 protection. Debtor admits that she filed for Chapter 13 protection to stay her pending divorce action. *See* Debtor's Motion for Turnover of Files Relevant to Pending Dissolution of Marriage Action, at paragraph 1.

Subsequent to filing her Chapter 13 petition, Debtor discharged Laline Concepcion-Veloso, Esq., in her divorce action and retained Roger J. Schindler, Esq. Thereafter, on January 27, 2012, Debtor filed an Amended Summary of Schedules, wherein she included Laline Concepcion-Veloso, P.A. as a creditor for the first time. The Debtor does not dispute the amount of the debt owing to Laline Concepcion-Veloso, P.A. on her Amended Schedules.

Case No.: 2011-35116-BKC-AJC
In re: Milka Y. Alfaro

On February 17, 2012, Laline Concepcion-Veloso, P.A. timely filed its Proof of Claim. The Court has reviewed the claim for fees and the state court docket of the pending divorce action and believes the amount charged for the apparently necessary time-consuming services provided over lengthy court proceedings is fair and reasonable. Thus, upon consideration, the Court believes Laline Concepcion-Veloso, P.A. is not required to turn over documents and files to the Debtor until the Debtor either pays the outstanding attorney's fees and costs in the amount of $14,970.83 for services rendered in connection with the divorce action or provides adequate security.

The validity and extent of retaining liens in bankruptcy is determined by state law. *See In re Life Imaging Corp.*, 31 B.R. 101 (Bankr. Colo. 1983). Attorneys' retaining liens are permitted under Florida law. *See Daniel Moves, P.A. v. Smith*, 486 So.2d 559 (Fla. 1986). In Florida, retaining liens are available to an attorney to secure the payment of fees, and a retaining lien attaches to all property, papers, books, documents, securities, and moneys of the client coming into the hands of the attorney in the course of his professional employment. *See Cooper v. McNair*, 49 F.2d 778, 781 (S.D.Fla. 1931). Florida law establishes that the value of a retaining lien rests entirely upon the attorney's right to retain possession of the file until the bill is paid. *See Rathburn v. Policastro*, 703 So. 2d 537 (Fla. 4th DCA 1997). Further, a valid retaining lien is not extinguished by the client's filing of a bankruptcy case. *See Life Imaging Corp.*, 31 B.R. at 101 (citing *Brannon v. Gay (Matter of Browy)*, 527 F.2d 799 (7th Cir. 1976). The lien is subject to the provisions of 11 U.S.C. §542.

During the course of Laline Concepcion-Veloso P.A.'s representation of the Debtor in the divorce action, the undersigned came into possession of documents and

Case No.: 2011-35116-BKC-AJC
In re: Milka Y. Alfaro

files. Debtor has failed to establish entitlement to these documents and files without compensation therefor and Debtor has failed to establish any basis to support her argument that the value of Laline Concepcion-Veloso, P.A.'s retaining lien is $0.00.

The value of the Debtor's documents and files that are the subject of the valid retaining lien is the full amount of the fees and costs that are due and owing, as same are decidedly reasonable and necessary. The retaining lien covers the full balance for all the legal work performed for the benefit of the Debtor in the divorce case. The inconvenience to the Debtor caused by the denial of access to the files and documents retained by the attorney is precisely what determines the value of the retaining lien. The value of the attorney's lien is principally in the leverage which it gives the attorney over a client who fails or refuses to pay for services rendered, through the embarrassment and inconvenience caused the client by withholding papers, documents, and other valuables, and since that line is a passive one, the attorney is entitled to possession until the full balance of the fees owed are paid. *See Wintter v. Fabber*, 618 So.2d 375, 376-77 (Fla. 4th DCA 1193) (citing *In re San Juan Gold, Inc.,* 96 F.2d 60, 60-61 (2d Cir. 1938)).

In this case, the Trustee is not seeking turnover of the subject documents and files. Further, the Debtor has not alleged that the information in the documents and files is necessary to the administration of the estate in this case. The Debtor's counsel admitted at the hearing that the subject documents and files are not necessary to this case.

In Florida, where the client needs access to documents and files that are subject to a retaining lien to complete pending litigation, the attorney will either be paid the fees

-4-

owed, or in cases where the fee is disputed, the court can order that security be given to secure payment of the fee. *See Michael J. Fingar, P.A. v. Braun and May Realty, Inc.*, 807 So.2d 202, 203 (Fla. 4th DCA 2002) (citations omitted). In this case, the fee is not disputed.

It is

ORDERED AND ADJUDGED that the Debtor's Motion for Turnover of Files Relevant to Pending Dissolution of Marriage Action is DENIED and the Motion to Value, Determine Secured Status of Lien and Avoid Lien on Personal Property is GRANTED in part and DENIED in part, as set forth herein; Laline Concepcion-Veloso, P.A. has a valid retaining lien valued in the amount of $14,970.83, and Laline Concepcion-Veloso, P.A. is not compelled to turn over the subject documents and files on which Laline Concepcion-Veloso, P.A. has a valid retaining lien, *unless the Debtor pays the amount due to her former attorney, or furnishes adequate security for the payment of the undisputed amount of attorney's fees and costs that are due and owing*.

###

Copies to:

Laline Concepcion-Veloso, Esq.
Manny Singh, Attorney for Debtor
Nancy Herkert, Trustee

Laline Concepcion-Veloso, Esq., is directed to mail a conformed copy of this Order to all interested parties immediately upon receipt of this Order and shall file a certificate of service with the Clerk of the Court.